**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:01-CR-341 CAS |
| | ) | |
| ERIC CULLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This closed criminal matter is before the Court following reassignment to the undersigned, on defendant Eric Culler's "Motion to Run Defendant's Federal Sentence With His State Sentence."[1] The government has not filed a response to the motion and the time to do so has passed. For the following reasons, the motion will be denied without prejudice.

On March 12, 2002, Judge Stephen N. Limbaugh sentenced defendant to a term of thirty (30) months, Defendant did not file a direct appeal or a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Defendant states that at the time of sentencing "the court addressed the issue of running the federal sentence concurrent with defendant's upcoming state sentence." Def.'s Mot. at 1. Defendant asserts that he has been sentenced on his state case and now requests that the Court "run his federal sentence with his state sentence." Id. Defendant attaches to his motion a copy of the transcript of the sentencing proceeding before Judge Limbaugh, during which his attorney stated in part:

---

[1]The case was reassigned to the undersigned following the retirement of the sentencing judge, the Honorable Stephen N. Limbaugh.

What I'd like to do, and I'm not asking the Court to rule on anything today, so this is clear, that if [defendant] does get sentenced at a future time in state court, and it is the charges that I believe, the same conduct as this, I will contact the Government, and I hope to come back on a motion to readjust this sentence so that we could do in the future what we are unable to do today, which would be to run it concurrent with that conduct, but I want to make sure everything is lined up and it is the situation I anticipate.

Sent. Tr. at 8.

Judge Limbaugh stated:

In the event that [defendant] does receive a sentence in the state case, as I understand it, which has the underlying basis for this case as a part of the state proceedings, at least, that after that has been completed, and if that's just a straight sentence, that you conceivably might come back in and attempt to have the sentence that I've just levied against him run concurrently with whatever sentence he receives in the State of Missouri. Should that happen at some future time, and of course the Government will have the right to respond to it and we can consider it further. I would assume it's even conceivable that [defendant] could resolve his state case in a way that whatever sentence he receives there could conceivably run concurrent with the sentence I just levied. I don't know if that's possible or not.

Id. at 8-9.

Defendant has not cited any legal authority giving this Court the power or authority to modify the sentence imposed in this case after the passage of more than seven years. The Court believes that it lacks the authority to modify defendant's sentence. Rule 35(a) of the Federal Rules of Criminal Procedure provides, "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Once the seven-day period ends, a court lacks jurisdiction to correct even a legally erroneous sentence. See United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000) (discussing former Rule 35(c)). Rule 35(b) of the Federal Rules of Criminal Procedure provides that a court may reduce a sentence on motion of the government based on a defendant's substantial assistance in the investigation or prosecution of another person. That does not apply here. Similarly, under 18 U.S.C. § 3582(c), a court has limited authority to modify a

sentence and "may not modify a term of imprisonment once it has been imposed," except on motion of the Director of the Bureau of Prisons, under limited circumstances that are not applicable here, or under Rule 35.

The Eighth Circuit Court of Appeals recently addressed a similar request to defendant's in an unpublished decision, and held that the district court properly denied the defendant's request to modify his federal sentence to run concurrently with a subsequent state sentence because it lacked the authority to do so. United States v. Gurski, No. 08-1453, 2009 WL 777964, *1 (8th Cir. Mar. 26, 2009) (unpublished per curiam). In Gurski, the Eighth Circuit stated that although a district court has broad discretion to determine whether a sentence will run consecutively or concurrently with a yet-to-be-imposed state sentence, United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001), "[t]he district court's power to revise such a sentence after it is imposed . . . is much more limited." Gurski, 2009 WL 777964 at *1 (quoting Fegans v. United States, 506 F.3d 1101, 1104 (8th Cir. 2007)). A district court, unlike the Bureau of Prisons, has no authority to designate the state prison as the place of federal confinement under 18 U.S.C. § 3585(a). Id. (citing Romandine v. United States, 206 F.3d 731, 738–39 (7th Cir. 2000) ("[Defendant] must serve his federal sentence after his state sentence ends, unless he can persuade the Attorney General to start the federal clock while he is still in state custody.")).

In this situation, it appears that defendant's only potential recourse may be to ask the appropriate Bureau of Prisons Regional Director to designate the state prison as a place of federal confinement. See Romandine, 206 F.3d at 738-39; see also Fegans, 506 F.3d at 1105.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Eric Culler's "Motion to Run Defendant's

Federal Sentence With His State Sentence" is **DENIED** without prejudice. [Doc. 34]


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this __31st__ day of March, 2009.